IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JOEL DIAZ NIEVES**, *et al.*,

    Plaintiffs,

    v.

**UNITED STATES OF AMERICA**,

    Defendant.

Civil No. 13-1219 (BJM)

**OPINION AND ORDER**

In this Federal Tort Claims Act ("FTCA") action, 28 U.S.C. § 1346(b)(1), Joel Diaz Nieves ("Joel Diaz"); his father, Saul Diaz-Rodriguez ("Saul Diaz"); his mother, Aida Nieves-Perez ("Nieves"); and his brother, Giovanny Diaz-Nieves alleged a violation of the Fourth and Fifth Amendments to the U.S. Constitution and Puerto Rico Civil Code Article 1802, P.R. Laws Ann. tit. 31, § 5141. Docket Nos. 1, 5. The government answered the complaint, Docket No. 9, and later moved for partial summary judgment against Joel Diaz's claims, Docket No. 45. After its motion for partial summary judgment was granted, Docket No. 64, the government moved to dismiss the claims raised by Joel Diaz's father, mother, and brother ("the remaining plaintiffs"), Docket No. 83, and they opposed the motion, Docket No. 87.

For the reasons set forth below, the motion is **GRANTED**.

**DISCUSSION**

The government argues the United States is not liable because constitutional torts are not cognizable under the FTCA, and because the remaining plaintiffs fail to state a claim for relief under Puerto Rico Civil Code Article 1802.

**I.**    **Motion to Dismiss Standard**

Where, as here, a party files a motion to dismiss after the pleadings have closed, the court may treat the Rule 12(b)(6) motion as a Rule 12(c) motion. *See Gabriel v. Preble*, 396 F.3d 10, 12 (1st Cir. 2005) ("Because the [Rule 12(b)(6)] motion to dismiss

was untimely . . . the district court treated it as a motion for judgment on the pleadings"); Fed. R. Civ. P. 7(a) (pleadings are generally closed upon the filing of a complaint and an answer). The standard on a Rule 12(c) motion "is analogous to that of a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6). *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 54–55 (1st Cir. 2006) ("the two motions are ordinarily accorded much the same treatment," except for the "modest difference" that "[a] Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole."); *Viera-Marcano v. Ramirez-Sanchez*, 224 F. Supp. 2d 397, 399–400 (D.P.R. 2002). As in a Rule 12(b)(6) motion, judgment on the pleadings is appropriate "if the complaint fails to state facts sufficient to establish a claim to relief that is plausible on its face." *Gray v. Evercore Restructuring, LLC*, 544 F.3d 320, 324 (1st Cir. 2008). In a Rule12(c) motion, however, the court may also consider the defendant's answer and the affirmative defenses asserted therein. *Id.*

## II.     FTCA Liability

### A.     Constitutional Torts

The government contends the United States is not liable under the FTCA for constitutional violations. Answer at 4 ¶ 8; Def.'s Mot. Dismiss at 4–5. "The 'law of the place' provides the substantive rules to be used in deciding FTCA actions." *Bolduc v. United States*, 402 F.3d 50, 56 (1st Cir. 2005) (quoting 28 U.S.C. § 1346(b)(1)). "The phrase 'law of the place' refers to the law of the state in which the allegedly tortious acts or omissions occurred." *Id.* Importantly, "[f]ederal constitutional or statutory law cannot function as the source of FTCA liability." *Id.* (citing *FDIC v. Meyer*, 510 U.S. 471, 478 (1994) ("the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims"). The remaining plaintiffs assert that the United States is liable for alleged violations of the Fourth and Fifth Amendments to the U.S. Constitution. Accordingly, the remaining plaintiffs' FTCA claims are dismissed to the extent they allege a federal constitutional violation.

Diaz Nieves et al. v. United States, Civil No. 13-1219 (BJM)                                                    3

## B.     Article 1802

The remaining plaintiffs also contend that Puerto Rico Civil Code Article 1802 provides a basis for establishing FTCA liability. Article 1802 states "that '[a] person who by act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done.'" *Mendez-Matos v. Municipality of Guaynabo*, 557 F.3d 36, 56–57 (1st Cir. 2009) (quoting P.R. Laws Ann. tit. 31, § 5141). "A plaintiff [that grounds FTCA liability by] suing for negligence under Article 1802 must establish four things: a duty requiring the defendant to conform to a certain standard of care, a breach of that duty, proof of damage, and a causal connection between the negligence and the damage." *Nieves-Romero v. United States*, 715 F.3d 375, 378–79 (1st Cir. 2013) (citing *Sociedad de Gananciales v. González Padín Co.*, 17 P.R. Offic. Trans. 111, 125 (1986)).

"As the Puerto Rico Supreme Court has 'repeatedly recognized,' individuals who suffer distress because a relative or loved one is tortiously injured have a cause of action under Article 1802 against the tortfeasor." *Id.* at 57 (citing *Santini Rivera v. Serv. Air, Inc.*, 1994 P.R.-Eng 909527, No. RE–93–232, 1994 WL 909527 (P.R. Sept. 12, 1994)). "To prevail on such a theory, a plaintiff must prove (1) that he has suffered emotional harm, (2) that this harm was caused by the tortious conduct of the defendant toward the plaintiff's relative or loved one, and (3) that the defendant's conduct was tortious or wrongful." *Mendez-Matos*, 557 F.3d at 57 & 57 n.17 ("Although [father] was directly involved in the events [that led to his son's arrest], his claim under Article 1802 depends on the emotional distress he suffered because of the arrest of his son."). This "cause of action is derivative and depends on the viability of the underlying claim of the relative or loved one." *Id.* (citing *Cabán Hernández v. Philip Morris USA, Inc.*, 486 F.3d 1, 12–13 (1st Cir. 2007)). In this case, Joel Diaz's arrest was conditionally privileged, and so as I previously explained, the federal government cannot be held liable for his false arrest. *See* Docket No. 64 at 7. Because Joel Diaz's FTCA claim is not viable, the remaining plaintiffs' derivative causes of action under Article 1802 also fail.

Finally, the remaining plaintiffs' contention that they have a negligence claim under Article 1802 because the arrest warrant was allegedly executed in an unlawful manner fails to state a plausible claim for relief. *See Maryland v. Buie*, 494 U.S. 325, 334 (1990) ("arresting officers are permitted [when conducting in-home arrests] to take reasonable steps to ensure their safety"). The remaining plaintiffs cite no authority suggesting that the manner in which the agents executed the valid arrest warrant was tortious under Puerto Rico law and would result in private liability. *See Bolduc*, 402 F.3d at 55 (court rejected FTCA claim against the United States arising from conduct of FBI agents where [plaintiff-appellants cited state's general negligence statute but did] not point[] to any instance in which [the state] ha[d] imposed *private* liability" for the conduct in question). Because the allegations in the complaint describe the reasonable steps the agents took to execute the valid arrest warrant against Joel Diaz, and the remaining plaintiffs cite no authority indicating that Puerto Rico law imposes private liability in such circumstances, their FTCA claims are dismissed. *See id.* ("the federal government does not yield its immunity with respect to obligations that are peculiar to governments or official-capacity state actors and which have no private counterpart in state law").

## CONCLUSION

For the foregoing reasons, the motion is **GRANTED**. The remaining claims of Saul Diaz-Rodriguez, Aida Nieves-Perez, and Giovanny Diaz-Nieves are **DISMISSED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of December 2015.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge